**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1329-20

CALISE BELIN and KIM BELIN,

     Plaintiffs-Appellants,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY and
MELINDA YOUNG,

     Defendants-Respondents.

_____

Argued December 7, 2021 – Decided August 5, 2022

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey,
Law Division, Burlington County, Docket No. L-
2278-19.

Timothy J. Foley argued the cause for appellants
(Foley & Foley, attorneys; Sherry L. Foley and
Timothy J. Foley, of counsel and on the briefs).

Derek G. Timms argued the cause for respondents
(Parker Young & Antinoff, attorneys; Brad A. Parker,
of counsel; Derek G. Timms, on the brief).

PER CURIAM

Plaintiff Calise Belin and her mother Kim Belin, appeal from summary judgment in favor of New Jersey Manufacturers Insurance Company dismissing their claim for underinsured motorist coverage. Because we agree with Judge Belgard that there were no material facts in dispute regarding liability for the accident, making NJM entitled to judgment as a matter of law, we affirm.

The facts of this two-car accident are uncomplicated and easily summarized. Plaintiff Calise Belin was driving to a basketball game after work in a car owned by her parents. It was dark and raining and plaintiff had her lights and windshield wipers on. She stopped at a stop sign on Lafayette Road in Voorhees preparing to make a lefthand turn onto southbound Haddonfield-Berlin Road. Looking both ways and not seeing anyone coming, plaintiff made her turn.

Debra Lawless-Gattone was traveling northbound on Haddonfield-Berlin Road on her way to pick up her son from hockey practice. According to her, Haddonfield-Berlin Road widens from a two-lane to a four-lane road just south of Lafayette Road. She was in the left lane with her lights and windshield wipers on, deciding whether to move to the right lane as she saw plaintiff's car

A-1329-20

approach the stop sign on Lafayette Road. Lawless-Gattone claimed she slowed, not sure whether plaintiff was going to stop. Satisfied plaintiff would stop, Lawless-Gattone, whose travel was not controlled by any traffic sign or signal, checked her rearview mirror and looked around to see if it was safe to move into the right lane. When she turned back, plaintiff was coming out of Lafayette Street on her right, turning in front of her. According to Lawless-Gattone, she braked and turned the wheel in an attempt to avoid plaintiff but didn't have enough time to stop before crashing into plaintiff's driver-side door.

Lawless-Gattone gave a statement shortly after the accident that the speed limit on Haddonfield-Berlin Road increased from 25 to 40 miles per hour when the road widened to four lanes, and that she was traveling between 35 and 40 miles per hour at the time of the accident. At her deposition, however, she testified the speed limit at the scene of the accident was 25 miles per hour and she was traveling the speed limit. Plaintiff at her deposition testified she was "not to blame for this accident" because she "did what was necessary and what was needed" and the fault lay with Lawless-Gattone because "she hit me." Asked what she thought Lawless-Gattone could have

3

done to avoid the accident, plaintiff responded, "she could have paid better attention."

Confronted with those facts on the motion, plaintiff insisted a jury could find Lawless-Gattone was speeding, or at least driving too fast for the weather conditions, was distracted by looking around to determine whether she should change lanes and, that by the time she turned back to look at the road, plaintiff, who was in the midst of her turn, had the right of way. Judge Belgard disagreed.

Noting the parties agreed it was plaintiff's burden to establish Lawless-Gattone was at least fifty percent responsible for the accident to permit plaintiff to recover against NJM, see Stabile v. N.J. Mfrs. Ins. Co., 263 N.J. Super. 434, 439-41 (App. Div. 1993), the judge found plaintiff failed to carry her burden to establish a prima facie case of Lawless-Gattone's greater liability for the accident. Although the judge acknowledged Lawless-Gattone's different statements about the speed limit on Haddonfield-Berlin Road where the accident happened, she found the discrepancy immaterial for purposes of the motion. While Lawless-Gattone may have been confused about the speed limit at her deposition, her testimony was consistent that she was not speeding. Plaintiff offered no evidence to the contrary on the motion.

A-1329-20

Besides there being no evidence in the record suggesting Lawless-Gattone was speeding, the judge also found no evidence Lawless-Gattone was distracted as plaintiff alleged. The judge noted "motorists make lane changes regularly," plaintiff offered no proof Lawless-Gattone was distracted in contemplating such, and "[t]he fact is that here [it was] plaintiff, who was making the left turn, [and] . . . is responsible for yielding to oncoming traffic, making observations before leaving her stopped position and entering into oncoming traffic." Viewing the facts on the motion in the light most favorable to plaintiff, the judge found them — in the absence of an accident reconstructionist who might have been able to cast doubt on the credibility of Lawless-Gattone's testimony — "so one-sided in favor of the defendant here and against the plaintiff" — the party making the left turn — that no rational jury could resolve the case in her favor.

Plaintiff appeals, reprising the arguments she made to the trial judge that the inconsistency in Lawless-Gattone's statements about the speed limit put Lawless-Gattone's credibility in issue requiring evaluation by a jury, a reasonable jury could find Lawless-Gattone was "distracted from the roadway in front of her" by considering whether she should change lanes, and that an accident reconstruction expert was not necessary for a jury to "understand that

A-1329-20

a speeding and distracted driver could cause an accident." She adds the trial court's inquiries at argument and the reasoning of her decision reflect she "undeniably and impermissibly weighed the evidence" on the motion "and did so in a light most favorable to defendant." We disagree.

We review summary judgment using the same standard that governs the trial court. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)).

Here, we agree with Judge Belgard that plaintiff did not adduce evidence on the motion sufficient to permit a rational factfinder to conclude Lawless-Gattone was speeding or distracted or that plaintiff, who was making a left turn in front of Lawless-Gattone from a side street controlled by a stop sign, had the right of way, even when viewed in the light most favorable to plaintiff. See Brill, 142 N.J. at 540. In order to stave off summary judgment here, it was incumbent on plaintiff "to demonstrate by competent evidential material that a

genuine issue of fact exist[ed]."  <u>Robbins v. Jersey City</u>, 23 N.J. 229, 241 (1957).  Her failure to do so required the entry of summary judgment for NJM.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1329-20